

| MURIEL GOODE-TRUFANT<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | EVAN J. GOTTSTEIN<br>*Assistant Corporation Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |

August 9, 2024

**By ECF**
Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Malik Lucas v. The City of New York, et al.</u>
             24-CV-2940 (HG)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney for defendants the City of New York and NYPD in the above-referenced action. Defendants write to respectfully request that the Court stay this case during the pendency of a criminal prosecution stemming from the underlying incident in this action. This is the first request for a stay, and plaintiff does not object to this application.

    Plaintiff filed the complaint in this action on April 19, 2024, alleging, *inter alia*, that on February 4, 2023, members of the New York City Police Department ("NYPD") falsely arrested plaintiff and subjected him to excessive force when they apprehended him and two friends with whom he was in a car. *See generally*, Complaint, ECF No. 1.

    First, we apologize for not having made this application sooner. However, defendants only learned information this week that led us to believe a stay was appropriate. The complaint stated that the arrest occurred on February 4, 2023. On July 12, 2024 this Office received a signed § 160.50 unsealing release from plaintiff, which was necessary to obtain documents and investigate the allegations in plaintiff's complaint, which again listed the date of arrest as February 4, 2023. However, last week we learned that the incident actually occurred on January 28, 2023, not on February 4, 2023, as alleged in the complaint. This delayed our ability to gather information, and we only learned yesterday that there was a pending criminal case related to plaintiff's arrest.

    This Office is continuing to investigate and learn more details of this incident, but based on the information we have gathered, there is good cause to stay this case at this time. Based on what we currently understand, it appears that police had information relating plaintiff and two

friends, including Rayshawn Moore, that led to their arrest and detention at the 73rd Precinct while a search warrant was obtained. It also appears that the results of that search warrant led, at least in part, to an arrest and criminal prosecution against plaintiff's friend, Rayshawn Moore for multiple charges of Criminal Possession of a Weapon. Upon review of New York State's e-Courts Web Criminal database ("WebCrims"), it appears that Rayshawn Moore's criminal prosecution stemming from this incident is still pending. For this reason, good cause exists to stay this matter pending the conclusion of the criminal matter related to this underlying incident.

### I. Request for Stay

As the Court is aware, "[a] district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." *Johnson v. N.Y. City Police Dep't*, 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *3 (S.D.N.Y. July 16, 2003). "It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." *Estes-El v. Long Island Jewish Med. Ctr.,* 916 F. Supp. 268, 269 (S.D.N.Y. 1995). Courts in the Second Circuit consider the following factors when determining whether to stay civil proceedings in the face of a pending criminal matter: "(1) the extent to which the issues in the criminal action overlap with those in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of, and burden on, the defendant; and (5) the interests of the courts and the public." *SEC v. LaGuardia*, 435 F. Supp. 3d 616 (S.D.N.Y. Jan. 23, 2020) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012)). These factors weigh in favor of staying this case.

    1. <u>Overlap of the Issues</u>

The facts underlying plaintiff's current criminal case overlap with the facts underlying this civil action. Plaintiff brings claims related to his apprehension and detention from January 28, 2023. Based on review of Body-Worn Camera ("BWC") footage, it appears that this arrest and detention stemmed from an investigation of all three of the individuals who were detained, and it also seems that this investigation led to the currently pending criminal prosecution against Rayshawn Moore. We anticipate that the same documents and witnesses will be relevant in plaintiff's case and the ongoing criminal prosecution, including police witnesses and non-party witnesses. Therefore, the issues in both the criminal and civil cases overlap, and this factor weighs in favor of staying this matter until the resolution of plaintiff's criminal case.

    2. <u>The Criminal Case Is Ongoing</u>

In *United States v. Leasehold Interests in 118 Avenue D*, 754 F. Supp. 282 (E.D.N.Y. 1990), the court granted the Government's motion for a stay of the civil forfeiture proceeding pending the resolution of a related federal criminal prosecution, because, among other reasons, the Government made a particular showing of potential harm or prejudice to the related criminal trial in the event discovery requests were complied with. Similarly, in *SEC v. HGI, Inc.*, 99-CV-3866 (DLC), 1999 U.S. Dist. LEXIS 17377, at *8 (S.D.N.Y. Nov. 8, 1999), the court granted the Government's request for a stay, reasoning that a litigant should not be able to use civil discovery as a means to avoid the restrictions placed on discovery in a criminal trial. *See also*

*Jordan v. Mirra,* 2012 U.S. Dist. LEXIS 190572, at *3 (S.D.N.Y. May 17, 2012) ("In considering the factors used to decide whether to grant a stay . . . the Court also is informed by the delicate concerns related to balancing the discovery interests between parallel criminal and civil proceedings.")  Here, Mr. Moore's criminal case is ongoing.  Based on a review of WebCrims, Mr. Moore's next scheduled criminal court appearance is on August 20, 2024, and is listed as a "Pre-Trial Conference," which seems to suggest that that case has not yet had a trial.  Any prejudice to plaintiff would therefore be far outweighed by the potential prejudice to the District Attorney's prosecution if the restrictive criminal discovery procedures were circumvented by going forward with this civil action.

### 3. The Private Interests of the Parties

A stay would promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action.  In addition, the public's interest is also served by preserving the integrity of the criminal case.  *See In re Ivan F. Boesky Sec. Litig.,* 128 F.R.D. 47, 49 (S.D.N.Y. 1989); *Johnson*, 2003 U.S. Dist. LEXIS 12111, at *5.  In addition, plaintiff in this case does not object to a stay being put in place.

### 4. The Interests of the Court and the Public Interest

The public interest is best served by allowing criminal cases to proceed expeditiously without interfering with the criminal discovery process*. Rosenthal v. Giuliani*, 98-CV-8408 (SWK), 2001 U.S. Dist. LEXIS 1207, at *2 (S.D.N.Y. Feb. 6, 2001).  Additionally, it is in the Court's best interest to preserve the integrity of both the civil and criminal actions and prevent the waste of judicial resources.  *Johnson*, 2003 U.S. Dist. LEXIS 12111, at *5.  A stay could streamline the present civil case after the criminal matter is resolved.  Evidence from the criminal case will be available to all parties to the civil action and the resolution of factual and legal issues in the criminal matter will be useful for similar claims in this civil action.  *Harris v. Nassau County,* 13-CV-4728 (NGG) (RML), 2014 U.S. Dist. LEXIS 94554, at *12 (E.D.N.Y. July 8, 2014) (finding that a stay would be beneficial to both parties as it would "narrow the issues before the court, and prevent both parties from performing unnecessarily duplicative work.").

## II.     Conclusion

For all of the foregoing reasons, defendants respectfully requests that the Court stay this matter until three weeks after Rayshawn Moore's parallel criminal case in Kings County Supreme Court Criminal Term is completed.  Should the Court grant the requested stay, the parties will jointly file a status letter, at the convenience of the Court, regarding the progress of Mr. Moore's underlying criminal case.  Similarly, the parties respectfully request that the Court adjourn the parties' August 12, 2024 deadline to file a proposed case management plan, *sine die*, until after the relevant criminal case is concluded.

We thank the Court for its consideration herein.

Respectfully submitted,

*Evan J. Gottstein*        /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    **Via ECF**
       Hugo Ortega, Esq.
       *Attorney for Plaintiff*

4